# NO. 12-09-00406-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KYLE EDWIN BARNHILL,* *APPELLANT* | § | *APPEAL FROM THE 420TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *NACOGDOCHES  COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Kyle Edwin Barnhill appeals his conviction for murder.  Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969).  Appellant filed a pro se brief. We dismiss Appellant's appeal.

### BACKGROUND

Appellant was charged by indictment with the offense of murder, a first degree felony.[1] Before trial, Appellant filed a motion for change of venue, alleging that he could not obtain a fair and impartial trial in Nacogdoches County.  At a pretrial hearing, both parties agreed to have the trial court consider the motion based on the written pleadings and withhold its ruling until after voir dire had been conducted.  After the voir dire proceedings, the trial court denied Appellant's motion for change of venue based upon the written pleadings as well as the information

---

[1] *See* TEX. PENAL CODE ANN. § 19.02(b)(1), (c) (Vernon 2003).  Appellant was also charged with the offense of aggravated assault in count two of the indictment.  However, the State abandoned count two of the indictment before voir dire.

developed during jury selection. At trial, Appellant pleaded "not guilty by reason of insanity," but the trial court entered Appellant's plea as "not guilty." After the trial concluded, the jury found Appellant guilty of murder as charged in the indictment, and assessed his punishment at life imprisonment and a $10,000 fine.[2] This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of Appellant's brief, it is apparent that his counsel is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal.

In Appellant's pro se brief, he argues that the trial court abused its discretion in denying Appellant's motion for change of venue, and that the State's attorney engaged in prosecutorial misconduct by not recusing herself. We have reviewed the record for reversible error and have found none. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

## CONCLUSION

As required, Appellant's counsel has moved for leave to withdraw. *See In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We agree with Appellant's counsel that the appeal is wholly frivolous and his motion for leave to withdraw is hereby *granted*. *See In re Schulman*, 252 S.W.3d at 408-09.

Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant

---

[2] An individual adjudged guilty of a first degree felony shall be punished by imprisonment for life or for any term of not more than ninety-nine years or less than five years and, in addition, a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.32 (Vernon Supp. 2010).

wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See In re Schulman*, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3; *In re Schulman*, 252 S.W.3d at 408 n.22. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; *In re Schulman*, 252 S.W.3d at 408 n.22.

## DISPOSITION

We *dismiss* Appellant's appeal.

Opinion delivered March 31, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)